IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

TERRI LYNN CORNELIUS, sui juris propria persona
Plaintiff,

v.

GREGORY J. REID, in his individual and official capacities,
BONNIE PEAVY, in her individual capacity,
ALABAMA DEPARTMENT OF HUMAN RESOURCES,
KAYLEE WINGO, in her individual capacity,
AMANDA BROWN, in her individual capacity,
MATTHEW KINDER, in his individual capacity,
STEVE MARSHALL, in his official capacity as Attorney General of Alabama,
Defendants, et al.,

Civil Action No. 2:25-CV-00648-MHH

**Amended Petition for Constitutional Protection and Emergency Federal Intervention**

COMES NOW the Plaintiff, Terri Lynn Cornelius, sui juris, a living woman, in Propria Persona, not submitting to the jurisdiction of the court but appearing specially for the purpose of securing constitutional protection, and respectfully submits this Amended Petition for Constitutional Protection and Emergency Federal Intervention. This action arises under 42 U.S.C. §§ 1983 and 1988, the Fourteenth Amendment to the United States Constitution, and 28 U.S.C. § 1651 (All Writs Act), to address ongoing violations of due process, liberty, and parental rights.

**I. BASIS FOR RELIEF**

1. Plaintiff seeks immediate intervention and protection from ongoing retaliation and constitutional violations arising from state court proceedings in Blount County, Alabama (Case No. DR-2016-900142.03). Plaintiff has been subjected to false imprisonment, unlawful gag and restraining orders, loss of parental rights, and deprivation of property without due process.

**II. FACTS SUPPORTING CONSTITUTIONAL VIOLATIONS**

2. Plaintiff requested a continuance to obtain counsel, but the court denied this request. In contrast, the opposing party, Craig Cornelius, was granted a continuance for the same hearing date.

3. The court issued a gag order and restraining order against Plaintiff and her family without providing notice or service. These orders were enforced without sworn testimony, evidentiary hearings, or opportunity to object, resulting in complete loss of contact with her minor child (TC) since August 2024.

4. Plaintiff was incarcerated for 14 days without a lawful contempt finding, due process, or hearing, in violation of the Fifth and Fourteenth Amendments. She was housed in unsanitary conditions, contracted staph infection, and suffered ongoing physical and emotional injury.

5. The Plaintiff did not complete the CS-42 form; only the CS-41 form was filled out. Judge Reid completed the CS-42 form without the Plaintiff's knowledge, omitting the Plaintiff's financial details from the CS-41 form. Despite numerous requests from the Plaintiff's attorney for clarification on how the calculations were made, the necessary documentation was never provided. As a result, unlawful financial penalties continue to be imposed.

6. Plaintiff's minor child, referred to herein as TC, was removed from her home in May 2024 without due process or evidentiary hearing. Plaintiff was allowed only two visits in June 2024 and one in August 2024. Since that time, she has had no visitation or phone contact with her child, a violation of her fundamental right to maintain a parent-child relationship under the First and Fourteenth Amendments. The court relied on an alleged Protection from Abuse (PFA) involving Chad Tanner (**which did not exist**) as the basis for restricting contact, without ever notifying Plaintiff of a hearing or allowing cross-examination. This conduct constitutes both extrinsic fraud and unconstitutional deprivation of parental rights.

### III. LEGAL AUTHORITY

7. In **United States v. Throckmorton, 98 U.S. 61 (1878), the U.S. Supreme Court** held that extrinsic fraud—acts that prevent a party from fully participating in legal proceedings—renders a judgment voidable. Plaintiff's denial of counsel, suppression of evidence, and lack of hearing constitute extrinsic fraud under this standard.

8. Plaintiff seeks relief under **42 U.S.C. § 1983** for deprivation of rights under color of state law, and under 28 U.S.C. § 1651 for issuance of all writs necessary to protect federal jurisdiction and prevent irreparable harm, particularly in light of the state court hearing set for May 28, 2025, where Plaintiff again faces unconstitutional incarceration.

9. **Criminal Conspiracy and Constitutional Gravity-** Plaintiff further asserts that the collective conduct of key Defendants, including judicial officers, attorneys, and government actors, gives rise to a factual foundation for potential criminal violations under 18 U.S.C. § 241 (Conspiracy Against Rights) and 18 U.S.C. § 242 (Deprivation of Rights Under Color of Law). These statutes, while not actionable directly in civil court, reinforce the gravity of the coordinated efforts to silence, incarcerate, isolate, and deprive the Plaintiff of parental and constitutional rights under color of law. These acts, carried out through retaliatory contempt rulings, false evidentiary claims, and suppression of due process, support immediate injunctive and declaratory relief under 42 U.S.C. §§ 1983 and 1988. While not all named Defendants are alleged to have personally conspired or threatened rights in the criminal sense, each party is named based on their individual or official role in enabling, endorsing, or failing to correct constitutional violations.

## IV. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court:

a. Grant emergency federal protection to halt enforcement of all unconstitutional orders issued by the state court;

b. Enjoin further retaliation, incarceration, or restrictions on Plaintiff's liberty without full due process;

c. Issue a writ under **28 U.S.C. § 1651** to preserve jurisdiction and prevent irreparable harm;

d. **Immediately** restore legal and physical custody of the minor child, TC, to Terri Lynn Cornelius, and vacate all custody restrictions, gag orders, and unlawful findings issued by the state court without evidentiary hearing or due process.

e. Grant any other relief this Court deems just and proper.

Respectfully submitted, this 19th day, of May 2025,

*Terri Lynn Cornelius propria persona*

*/s/ Terri Lynn Cornelius*
Terri Lynn Cornelius, sui juris, a living woman
In Propria Persona – by special appearance only,
not submitting to the court's jurisdiction
351 Covie Road, Boaz, AL 35957

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all parties or counsel of record by hand delivery, electronic AlaFile email, PACER, or U.S. Mail, on this 19th day of May, 2025.

Bonnie Peavy, Esq.
Attorney for Defendant
PO Box 1856 Oneonta, AL 35121

Bonnie Peavy, Esq.
202 1st Ave East
Oneonta, Al 35121

Office of the Attorney General: Steve Marshall
James W. Davis (ASB-4063-I58J)
Deputy Attorney General
ATT: Civil Division / Counsel for Judge G. Reid
501 Washington Avenue
Montgomery, Al 36130
jim.davis@alabamaAG.gov

Guardian ad Litem Matthew Kinder
931 Sharit Ave.
Gardendale, AL 35071, US (last known address)

Amanda S. Brown ( BRO 312 GAL for minor child )
2016 10th Ave Suite 101
Birmingham, Al 035205

Judge Gregory Reid, Circuit Court Judge Blount County, Alabama
County Courthouse, Room 207
220 Second Avenue East
Oneonta, AL 35121

Judge Gregory Reid
3040 Graves Gap Rd
Hayden, Al 35079

DHR Family Services Division
Legal Office
50 Ripley St.
Montgomery, Al 36130

Kaylee Bynum Wingo
55 DHR Lane
Oneonta, Al 35121

*Terri Lynn Cornelius propria persona*

*/s/ Terri Lynn Cornelius*
Terri Lynn Cornelius, in propria persona sui juris, a living woman
– by special appearance only
not submitting to the court's jurisdiction

All rights reserved, without prejudice UCC 1-308